IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John Geisy,

          Plaintiff,

     v.                              Case No. 2:05-cv-366

Kforce Inc., et al.,

          Defendants.


OPINION AND ORDER

     This is an action filed by plaintiff John Geisy against his
former employer, Kforce Inc. ("Kforce"), a Florida Corporation, and
Randy Wilcox, the manager of Kforce's office in Westerville, Ohio.
The complaint asserts claims of wrongful termination based on age,
breach of contract, and unjust enrichment against Kforce, and a
claim of tortious interference with an employment relationship
against defendant Wilcox.  The complaint was originally filed on
March 8, 2005, in the Court of Common Pleas of Franklin County,
Ohio.  On April 8, 2005, defendants filed a notice of removal of
the action to this court.  The removal was based on diversity
jurisdiction.

     Defendants acknowledge in their removal petition that
defendant Wilcox is an Ohio resident.  The removal of an action to
federal court based on diversity jurisdiction is proper only when
complete diversity exists at the time of removal, that is, when all
parties on one side of the litigation are of a different
citizenship from all parties on the other side of the litigation.
See Coyne v. American Tobacco Co., 183 F.3d 488, 492 (6th Cir.
1999).  However, defendants assert that defendant Wilcox has been
fraudulently joined in this action, and that his presence as a

defendant in the complaint does not bar removal. Fraudulent joinder of a non-diverse defendant will not defeat removal on diversity grounds. <u>Alexander v. Electronic Data Sys. Corp.</u>, 13 F.3d 940, 949 (6th Cir. 1994). To prove fraudulent joinder, the removing party must show that the plaintiff cannot establish a claim against the non-diverse defendant under state law. <u>Coyne</u>, 183 F.3d at 493.

Toward that end, on April 14, 2005, the defendants filed a motion to dismiss plaintiff's claim for tortious interference against defendant Wilcox pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted. A complaint may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in a light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true. <u>Scheuer v. Rhodes</u>, 416 U.S. 232 (1974). A motion to dismiss under Rule 12(b)(6) will be granted if the complaint is without merit due to an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or where the face of the complaint reveals that there is an insurmountable bar to relief. <u>Rauch v. Day & Night Mfg. Corp.</u>, 576 F.2d 697 (6th Cir. 1978).

A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory. <u>Weiner v. Klais & Co., Inc.</u>, 108 F.3d 86, 88 96th Cir. 1997). The court is not required to accept as true unwarranted legal conclusions or factual

2

inferences.  <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10 (6th Cir. 1987).

Plaintiff asserts a claim against Wilcox for tortious interference with his employment relationship with Kforce.  A claim for tortious interference with a business relationship requires proof that one who, without a privilege to do so, induces or otherwise purposely causes a third party not to enter into, or continue, a business relationship with another, or perform a contract with another is liable to the other for the harm caused thereby.  <u>Brahim v. Ohio College of Pediatric Medicine</u>, 99 Ohio App.3d 479, 489 (1994); <u>Juhasz v. Quik Shops, Inc.</u>, 55 Ohio App.2d 51, 57 (1977).

However, tortious interference does not lie when the defendant is a supervisor or employee of the employer, and the defendant acts within the scope of his duties.  <u>Anderson v. Minter</u>, 32 Ohio St.2d 207, 213 (1972); <u>Contadino v. Tilow</u>, 68 Ohio App.3d 463 (1990).  Rather, this cause of action has be recognized only against "outsiders" or strangers to the business relationship.  <u>Anderson</u>, 32 Ohio St.2d at 213; <u>Simpson v. Bakers/Local No. 57, Bakery, Confectionery & Tobacco Workers Int'l Union, AFL-CIO CLC</u>, No. C-960517 (1st Dist. unreported), 1998 WL 212754 (Ohio App. May 1, 1998).  The freedom from potential personal liability on the part of those in a supervisory position is "founded upon public policy considerations."  <u>Anderson</u>, 32 Ohio St.2d at 213.  As the Ohio Supreme Court noted,

> The justification for ... (denying recovery) is that it is impossible to know whether the claim is well founded until the case has been tried, and that to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its

> outcome, would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties.

Id., quoting Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir. 1949). The court also rejected the argument that liability could be predicated simply upon the characterization of the supervisor's conduct as being malicious. Id. ("'Malice makes a bad case worse, but does not make wrong that which is lawful.'")(quoting Johnson v. Aetna Life Ins. Co., 158 Wis. 56 (1914)).

One Ohio court has construed Anderson as holding that no cause of action will lie for tortious interference by a subordinate employee against a supervisor as a matter of law. See Rayel v. Wackenhut Corp., No. 67459 (8th Dist. unreported), 1995 WL 350077 *5 (Ohio App. June 8, 1995)("[T]his court has unequivocally stated that, 'a supervisor of an employee cannot be held liable for tortious interference with contract.' (Citation omitted).... As such, appellant's claim involves a suit by a subordinate employee against a supervisor. Under the law of this district, no such action can lie."). Others state that supervisors can only be sued when the interfering acts took place outside of the employment arena. See Moses v. Budd Co., No. 92WD041 (6th Dist. unreported), 1993 WL 496639 (Ohio App. Dec. 3, 1993)(supervisors and employees are immune unless the interfering acts occurred outside the work place). The mere fact that the supervisor or employee defendant acted to advance his own interests does not result in liability even if those interests conflicted with those of the plaintiff. Id. at *4. See also Courie v. ALCOA, 162 Ohio App.3d 133, 143 (2005)(fact that supervisor's acts in reprimanding plaintiff were allegedly "self-centered" did not expose supervisor to liability).

4

A supervisor's act of reporting information concerning his subordinate to his employer has been held to be an act within the scope of the supervisor's duties. <u>Phung v. Waste Management, Inc.</u>, 40 Ohio App.3d 130, 134 (1988).

In this case, plaintiff alleges in his complaint: "At all time relevant to this complaint, Defendant Randy Wilcox is ... manager of the Columbus Region of Defendant KFORCE[.]" Complaint, ¶ 2. The complaint further alleges, "Defendant Randy Wilcox is the manager of the Columbus officer of KFORCE." Complaint, ¶ 32. It is also alleged that "Defendant Wilcox began an effort to cause KFORCE headquarters to view Plaintiff in a negative light." Complaint, ¶ 33. The complaint further states, "Defendant Wilcox caused KFORCE to terminate its employment relationship with Plaintiff." Complaint, ¶ 34. Finally, plaintiff alleges that "Defendant Wilcox seized the accounts and related income generated by Plaintiff, and allocated the revenue to himself and his friend and associate." Complaint, ¶ 35.

The allegations in the complaint indicate that plaintiff is seeking to assert a claim for tortious interference with a business relationship against an individual who was his supervisor. As such, Wilcox is not an "outsider" against whom a claim for tortious interference may be brought under Ohio law. Wilcox's alleged acts of causing Kforce to "view plaintiff in a negative light" and causing Kforce to terminate the employment relationship with plaintiff were acts logically within the scope of Wilcox's position as office manager. The complaint contains no allegations or facts which would suggest that the alleged acts were not done by Wilcox in his capacity as manager. Plaintiff argues that the acts of

defendant Wilcox must be regarded as being outside the scope of his duties because he acted with the goal of seizing plaintiff's accounts for himself and a friend.  However, even assuming that Wilcox's acts were malicious or self-serving, Wilcox's motive is irrelevant to the issue of his liability as a supervisor under <u>Anderson</u>, and the allegations in the complaint are insufficient to plead that he was acting outside the scope of his duties.

Construing the complaint in a light most favorable to the plaintiff, the court finds that plaintiff can prove no set of facts in support of his claim against defendant Wilcox which would entitle him to relief.  The defendants' motion to dismiss is granted.  Plaintiff's Fourth Claim for Relief against defendant Wilcox is dismissed, and defendant Wilcox is dismissed as a party in this case.

Date: October 26, 2005          _____s\James L. Graham_____
                                James L. Graham
                                United States District Judge

6